1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   HUGH G. CROWLEY,

11            Plaintiff,                    No. CIV S-09-1324 DAD P

12        vs.

13   BOARD OF PRISON TERMS, et al.,

14            Defendants.              <u>ORDER</u>

15   _____/

16          Plaintiff is a former California prisoner who is serving the remainder of his

17   sentence at the Joseph Harp Correctional Center in Lexington, Oklahoma pursuant to an

18   interstate transfer agreement.  Plaintiff has filed a civil rights complaint challenging the March

19   18, 2009 decision of the California Board of Prison Terms to deny him parole.  Defendants

20   Commissioner Gardner and Commissioner Smith issued the board's decision.  This action was

21   transferred to this court from the U.S. District Court for the Southern District of California.

22          In his complaint, plaintiff contends that in 1999, while he was incarcerated in

23   Lexington, he was convicted of being in possession of heroin.  Plaintiff has not succeeded in

24   overturning that conviction; however, he believes that he has provided the California Board of

25   Prison Terms with sufficient information demonstrating that the heroin charge was false and

26   unsupported because no laboratory testing was done on the substance seized from his cell.

Plaintiff asserts that the defendant Commissioners failed to conduct an investigation, that the Board has relied on the heroin charge to deny him parole, and that as a result thereof he has suffered a deprivation of his constitutional rights.  Plaintiff seeks ten million dollars in damages, the restoration of 365 days of time credit, immediate release from prison, and an injunction prohibiting defendants Gardner and Smith from presiding over future Board hearings and expunging his record concerning the heroin charge.

Plaintiff's complaint seeks, in part, relief that is not appropriate for a civil rights action.  When a prisoner challenges the fact or duration of his custody and a determination of his action may result in plaintiff's entitlement to an earlier release, his sole federal remedy is a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990).   Thus, plaintiff may not seek the restoration of time credits or release in this civil rights action.

There are other deficiencies evident in plaintiff's complaint.  For instance, plaintiff has named as defendants the commissioners serving on the California Board of Prison Terms.  These defendants have absolute immunity from suit in connection with their service on the Board.  See Brown v. California Dept. of Corrections, 554 F.3d 747, 751 (9th Cir. 2009); Sellars v. Procunier, 641 F.2d 1295, 1303 (9th Cir. 1981) (concluding that because "parole board officials perform functionally comparable tasks to judges when they decide to grant, deny, or revoke parole," the broader public interest would best be served by granting parole board officials the absolute immunity given to judges, in order to keep them free from fear of litigation).  In addition, the Board of Prison Terms is not a proper defendant in an action brought pursuant to 42 U.S.C. § 1983.  See Brown, 554 F.3d at 752 (holding that the California Department of Corrections and the California Board of Prison Terms were entitled to Eleventh Amendment immunity); Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir.1999) ("In the absence of a waiver by the state or a valid congressional override, under the eleventh amendment, agencies of the state are immune from private damage actions or suits for injunctive relief

1  brought in federal court.  The State of California has not waived its Eleventh Amendment

2  immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court

3  has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity[.]")

4  (internal quotation marks and citations omitted).   Thus, plaintiff may not proceed with a civil

5  rights action against the defendants named in his complaint.

6                 The court will direct plaintiff to inform the court whether he intends to proceed

7  with this civil rights action or whether he requests voluntary dismissal.  If he wishes to proceed

8  with this as a civil rights action the court will determine whether leave to amend would be futile

9  in light of the deficiencies noted above and issue the appropriate order.  If plaintiff intends to

10  challenge the denial of parole and to seek his release from custody or the reinstatement of time

11  credits, he must initiate a new action by filing a petition for writ of habeas corpus pursuant to 28

12  U.S.C. § 2254.  Petitioner is cautioned, however, that the exhaustion of state court remedies is a

13  prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  A

14  petitioner satisfies the exhaustion requirement by providing the highest state court with a full and

15  fair opportunity to consider all claims before presenting them to the federal court.  Picard v.

16  Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

17                 In light of the above, the court will deny plaintiff's motion for the appointment of

18  counsel.  The United States Supreme Court has ruled that district courts lack authority to require

19  counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court,

20  490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the

21  voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

22  1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In

23  the present case, the court does not find the required exceptional circumstances.

24  /////

25  /////

26  /////

1          Accordingly, IT IS HEREBY ORDERED that within thirty days from the service

2    of this order, plaintiff shall inform the court whether he intends to proceed with this civil rights

3    action or whether he requests the voluntary dismissal of this action.

4    DATED: December 4, 2009.

5

6                                     Dale A. Drozd

7    DAD:4                           DALE A. DROZD

    crow1324.ord                      UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26